UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

MICHAEL E. COX, )
 )
    Plaintiff, )
 )
v. ) No. 1:20-cv-12-DDN
 )
SHELLEY CARTER, et al., )
 )
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Michael E. Cox, inmate number 345856, for leave to commence this civil action without prepaying fees or costs. The Court has reviewed the motion, and has determined to grant it and assess an initial partial filing fee of $8.50. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff submitted an inmate account statement as an exhibit to his complaint. Review of that statement shows that plaintiff had an average monthly deposit of $42.50, and an average monthly balance of $18.50. The Court will therefore require plaintiff to pay an initial partial filing fee of $8.50, which is twenty percent of his average monthly deposit. If plaintiff wishes to claim he is unable to pay that amount, he must submit an updated and certified copy of his inmate account statement in support.

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In assessing whether an action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B), courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted), Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded

facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Shelley Carter and Jennifer Shankle, both of whom are employees of the Division of Probation and Parole. He sues both defendants in their individual capacities. Plaintiff's claims arise from being assessed intervention fees under Missouri's parole statute, Mo. Rev. Stat. § 217.690. Plaintiff believes he qualified for a waiver of those fees under Missouri state regulations and Missouri Department of Corrections ("MDOC") procedure.

Some background information is helpful here. The Division of Probation and Parole is a division of the MDOC. Mo. Rev. Stat. § 217.015. Pursuant to Missouri's parole statute, "[t]he division of probation and parole has discretionary authority to require the payment of a fee, not to exceed sixty dollars per month, from every offender placed under division supervision on

probation, parole, or conditional release," and to "waive all or part of any fee." MO. REV. STAT. § 217.690.3. Missouri's Code of State Regulations establishes the procedure for collecting intervention fees, and outlines the terms for a waiver making a person exempt from payment of the fee. *See* MO. CODE REGS. ANN. tit. 14, § 80-5.020. These regulations provide, *inter alia*, that a person may obtain an intervention fee waiver if he has insufficient income. MO. CODE REGS. ANN. tit. 14, § 80-5.020(1)(H).

In the case at bar, plaintiff claims the defendants violated his rights under those Missouri regulations and/or the MDOC procedures when they failed to apply the waiver to which he was entitled. Plaintiff alleges that according to Procedure Number P3-4.15 of the MDOC Division of Probation and Parole Policy and Procedure Manual, he is entitled to an intervention fee waiver on the basis of indigency, inasmuch as he "is on Disability I receive Supplemental Income & Social Security and Food Stamps also." (ECF No. 1 at 3). As an exhibit to the complaint, plaintiff attached a copy of Procedure Number P3-4.15. He alleges that Shankle told him that Carter put information in the computer system indicating that he owed $1,320 in intervention fees, and that there was no waiver on file. Plaintiff also alleges that he asked Shankle to call Social Security to verify his eligibility for the waiver, but Shankle refused. Plaintiff told her about the "P&P Policy & what it said," and told her that if she investigated the matter, she would "see that I don't owe no $1,320 because of her policy P3 4.15 states I'm exempt from paying intervention fees." *Id.* at 4.

Plaintiff attached other documents as exhibits to the complaint. In one such document, plaintiff avers his Social Security payments were cut off when he was incarcerated. (ECF No. 1-1 at 7). Also attached is a June 12, 2019 letter plaintiff received from the Missouri Department of Social Services, advising him that his food stamp benefits would end on June 30, 2019, and an

4

August 16, 2019 letter he received from the Social Security Administration, demanding that he repay an overpayment of $322 in benefits. *Id.* at 4-5, 9-10.

Plaintiff also attached copies of documents he filed in an effort to receive the intervention fee waiver. One is a "Standard Kite Form" that offenders use to correspond with authorities regarding probation and parole matters. *Id.* at 14. On the form, plaintiff averred he was entitled to an intervention fee waiver because he was disabled. Handwritten responses on the form indicate that plaintiff was not entitled to a waiver, and that he owed the fees. Also attached is a copy of a December 23, 2019 letter plaintiff received from Shankle, advising that the "Intervention Fee issue has been answered for [plaintiff] several times," and that if he qualified for a "Grid release," he would be advised. *Id.* at 15.

As relief, plaintiff asks this Court to enter an order stating that "inmates" do not have to pay intervention fees if they are disabled or receive benefits. (ECF No. 1 at 6). He also asks to be reimbursed for the fees he has paid, and for fees and expenses associated with bringing this action.

After filing the complaint, plaintiff filed a copy of letters he received from the Division of Probation and Parole and the MDOC dated January 27, 2020 and January 28, 2020. (ECF No. 5). The letters indicate that plaintiff was entitled to a confined waiver of intervention fees for a period of time he was incarcerated, but that because he had failed to submit his income to verify his disability, he would owe intervention fees for other time periods.

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). Section 1983 provides no substantive rights; it merely

5

provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994) (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred"). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, plaintiff claims the defendants violated his rights under Missouri's Code of State Regulations and/or MDOC procedure when they refused to give him an intervention fee waiver to which he was entitled. These claims are based upon alleged violation of Missouri regulations and/or MDOC procedure. They do not establish the violation of a right secured by the Constitution or laws of the United States. The Court therefore concludes that plaintiff's allegations fail to state a claim under 42 U.S.C. § 1983. *See id.*

Plaintiff does not specifically claim that the defendants' actions violated his right to due process, nor does he specifically allege he was deprived of a property interest[1] through inadequate state procedures. He does, however, allege that Shankle failed to investigate his entitlement to an intervention fee waiver. To the extent plaintiff can be understood to claim that either defendant violated his right to procedural due process by denying him some sort of pre-deprivation proceeding, such allegations would not state a viable claim for relief.

In *Jackson v. Chairman and Members of Missouri Bd. Of Probation and Parole*, this United States District Court considered, *inter alia*, whether the imposition of parole intervention

---

[1] Plaintiff has a property interest in the money in his inmate account. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 571–72 (1972) (acknowledging real estate, chattels, and money as basic property interests); *Taylor v. Sebelius*, 189 Fed. App'x 752, 760 (10th Cir. 2006) (holding that a prisoner has a property interest in a prison trust account).

6

fees without pre-deprivation proceedings violated a plaintiff's right to due process. No. 4:10-cv-104-CDP, 2010 WL 5070722 (E.D. Mo. Dec. 7, 2010), *aff'd, Jackson v. Chairman and Members of Missouri Bd. Of Probation and Parole*, No. 11-1054 (8th Cir. 2011). The Court recognized that while the plaintiff had an interest in avoiding an erroneous fee assessment, if he believed he was exempt from the fees he could either speak to his parole officer or request a waiver pursuant to Missouri Code of State Regulations Title 14, § 80-5.020(1)(H). The Court also determined that the risk of erroneous deprivation was low, that the state had an interest in being reimbursed for its services, and that a pre-deprivation hearing for each person would be onerous and also unnecessary, as the terms for waiver were outlined in Missouri's Code of State Regulations.

The same result is proper here. Plaintiff has the same access as the *Jackson* plaintiff under Missouri's Code of State Regulations to seek a waiver, and the same state concerns and low risk of erroneous deprivation recognized in *Jackson* are present here. While plaintiff asserts the defendants reached the wrong result, such assertions do not state a procedural due process claim. The right to procedural due process neither depends on the merits of a person's substantive assertions, nor guarantees a person a correct result every time. *See Carey v. Piphus*, 435 U.S. 247, 266 (1978). It is concerned only with whether the person received adequate procedural protections. Here, plaintiff alleges nothing permitting the inference that he was subjected to an unfair process. He therefore cannot state a due process claim.

The Court has carefully read and liberally construed the complaint and the documents attached as exhibits, and concludes that, as a matter of law, plaintiff's allegations fail to state a claim upon which relief may be granted. Plaintiff is clear about the claims he wishes to bring, and there is no indication that the problems with the complaint could be overcome by

amendment. Plaintiff's complaint will therefore be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $8.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this  12th  day of May, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE